By the Couet,
Garvin, J,
The defendant insists, in this case, that the verdict is against the law of the case as declared at the trial, and against the evidence. The rule is, if a man do an act lawful' in itself, in so negligent and unskillful a manner as to cause an injury to another, he must answer for the consequences. (Radcliff’s ex’rs. v. Mayor, &c. of Brooklyn, 4 N. Y. Rep. 199, and cases there cited.) And this was the rule adopted by the court, in the charge.
The defendant supervised the erection of the building, and owned the lot upon which it stood. It was clearly proved tha,t he was from time to time personally present, saw the work as it progressed, by days’ work, and put up and owned the building which fell and crushed the house of the plaintiff.
The only remaining question, aside from that of the amount of damage, was that of care and skill in the construction. It may be assumed that the evidence shows : 1. That if there had been ties running both ways the edifice would not have fallen, and that cross ties were generally used in such structures. 2. That the arches were not high enough to bear the *346 weight from above. Evidence was also given that it fell from the arch, and cracks were seen in the wall before it fell. Much contradictory evidence was given by the defendant upon some of these questions Some evidence was introduced with a view of showing that cross ties were not necessary ; hut there was no proof showing that cross ties were put in, nor was there any proof contradicting the evidence that higher arches would have been stronger. In a structure of such weight and cumbersome proportions, it was a question for the jury to find whether the defendant exercised ordinary care and skill in its construction. There was evidence of negligence, some of which was contradicted. The defendant in his proof explained and qualified, and by cross-examination undertook to impeach • the credit of the plaintiff's witnesses ; who were sustained in some important particulars by evidence derived from witnesses of the defendant. All this was for the jury. They have found a want of care and skill in the defendant, upon evidence which abundantly sustains their finding. All deductions and inferences from the evidence were for them. Though men might differ as to the result, it was a question of fact for the jury, under proper instructions from the court. (3 Kernan, 533.) What constitutes negligence is a result drawn from the facts proved ; and where the facts are in any degree doubtful, the only proper rule is to submit them to the jury with instructions as to the rule by which they are to be governed. (24 How. Pr. 177. Ernst v. The Hudson River R. R. Company, 32 id. 61.)
I am at a loss to see how the jury could, upon this evidence, have found otherwise than they did on the question of negligence. The evidence is very strong against the defendant. The credibility of the witnesses was a question for the jury, and their verdict is conclusive.
We think the verdict is sustained by the evidence. The judgment and order should be affirmed, with costs.